Mr. Spiegel, good morning to you. Welcome to the court. Welcome back to the court, I should say. Please proceed. Thank you very much, Your Honor. I'm going to refer to my client as the appellant and my opponent as the appellee, since both of the parties have the word Fred in them, so we can try to avoid some confusion. This case involves one very simple issue. Was it appropriate to deny an appellant's motion for leave to amend a petition for cancellation solely on the ground that a fee that would have been due had the motion been granted? Can I ask you a practical question? It doesn't really deal with the legal issue that you're framing, I guess, but I'm trying to imagine if I were in your client's shoes and I'm trying to file a pleading with a trademark board and it's late, so I need special permission to file it, and I'm not sure whether I'm going to get the special permission or not, so I file the request for the permission and I file the pleading, and I don't accompany the pleading with the normal fee, check, and the board says, well, we're not going to do anything with this. It seems to me at that point, I send in the check, but you didn't do that, and I'm trying to figure out why didn't you just send the check when they rejected your paper rather than spending nine or ten months here on appeal and your time, your trouble, our time, our trouble, everybody's money. Well, why wasn't the simple practical answer to just tender the check? Well, if that had been the facts of this case, Your Honor, we would have done so, but that isn't the facts of this case. The facts of this case are that we filed a motion for leave to amend, and it was fully briefed, and we waited several months for the decision. It was only when the decision was rendered to deny the motion for the first time that we were told that it was denied on the basis that the fee wasn't paid. Okay, but why the next day didn't you just tender the check? Solve the problem. Because that was the final decision of the… They can reconsider their decision if you tender the check, you change the facts, then they have to adjudicate whether the lateness is excusable or not. It was my understanding, Your Honor, that once they rendered a decision denying the motion on the basis that the fee wasn't paid, that that was the final decision, and that our only recourse… But you, I mean, Judge Michelle is suggesting, the Chief is suggesting that you could have tendered the check. There's also an alternative, which is you could have come in and refiled the motion, right? So even if you're right that you considered this a final disposition and therefore you couldn't just fix it by sending in the check because the case had been decided and the motion was gone, why didn't you just refile the motion with the $300 check? Because that decision by the Trademark Trial and Appeal Board was a final disposition of the entire case. It wasn't just a disposition of that motion. There wasn't a live case left after that motion. So there was no way you could cure it? There was no way I could cure it, and let me also say, Your Honors, as a practical matter, the Trademark Trial and Appeal Board favorably considers about two requests for reconsideration in a year. And so I didn't consider there would be any good odds to succeed in trying to move for reconsideration of a decision that dispensed with the entire case with tendering of the fee. I just didn't see that it was a practical… But they didn't dispose of the case with respect to any of the additional classes that you're pleading would have added. They only disposed of the case, as I recall, with respect to the single class, I believe it was 32. So if your point was, well, let's consider some other classes as well before we conclude this matter, then why isn't Judge Post right? You just file a new, and this time include the check, and then they're going to have to let you go forward. Because, again, it was a final disposition of the entire case. The motion for leave to amend sought to add four classes. I understand the case was over, but you would, in effect, be filing a new case that went beyond Class 32, and it would include the other classes you wanted to litigate. It would be like a brand new case, and it would need a brand new check. So is Your Honor suggesting that one option would have been to file a new petition to cancel? Well, I thought that was the point of Judge Post's question, and I still don't understand why you rejected that possibility. What I understood Judge Post to say had to do with whether there was some option to cure this alleged defect within this case, and I didn't understand that to be the question. So now that I understand it, and I apologize for my misunderstanding, we wanted to litigate this case. And one of the reasons why we wanted to litigate this case, within this case, was because there were egregious evidences of discovery abuse that had happened. And we wanted, within that same file, to be able to show the trademark trauma appeal board what had happened as sort of a history of the dealings between the parties. While it is true that certainly could have been done with reference to an earlier file if a refiling had been done, we thought it was the appropriate action to try to cure this. And the fact is that there is case law that supports the notion that the trademark trauma appeal board did have within its discretion the ability to either grant the motion and refile. That's what I was going to ask. At the time that you filed your motion for leave to file the amended petition to cancel, were you relying on cases like Ayush Herb's, Driver's Sportswear, Dollar Tree Stores? No, Your Honor. I was not aware of those cases in all candor when we made that filing. But it's interesting. But in retrospect, you look back, as you point out in your reply brief, the TTAB has been inconsistent in the way that it treats circumstances similar to yours. In the same issue. The board granted the motion without having received the fee and gave the party 15 days to pay the fee in the Ayush case. Thereby acting outside of its jurisdiction. Exactly. And in the Ayush case, they denied the motion but gave the party the ability to resurrect it. They stayed in consideration of the motion, I believe, is what they did in Ayush. They gave them the right to resurrect it by paying the fee within 30 days. Let me ask you, as we asked Mr. Chester in the earlier case, to outline to me what your theory of the case is. And let me just post it. Is it your position that the TTAB does not have the authority under the statute and under its rules as written to deny the motion in the absence of your having filed the fee? Or kind of alternatively, is it… That was it. So they could deny your motion if you were way too late and had no excuse. But they couldn't lawfully deny your motion simply because it wasn't accompanied by a check. I believe that's correct, Your Honor. In fact, 2.111, I believe it's C2, says that if you file a petition to cancel and it's not accompanied by the fee, that they will reject that petition to cancel. And the fact is they didn't reject it. They accepted a motion for leave to amend that had attached to it a proposed… Well, what I'm saying, Your Honor, is that because they did not reject what we had filed, that is evidence that they didn't consider it to be a petition to cancel, that they considered it to be a request for permission to file an amended petition to cancel. Let me ask you a technical question. If you… Not if. When you attach your revised petition to cancel their registration to your motion and you submit the two pieces of paper stapled together, let's say, does that constitute filing the petition? Or is the petition just an informational item attached to a motion and the only thing that's actually considered filed with the tribunal is the motion itself, not the petition? Well, there is an obligation when one files a motion for leave to amend to accompany that with what the proposed filing is. But what the Board is considering… Is that by regulation or just by custom? I couldn't find any rig that said when you file a motion for leave, you have to file the thing you're trying to do. But it's an accepted practice. I think it's an accepted practice. There may be a regulation. I'm not aware if there is or not, Your Honor. But what they're considering is the motion. They're not considering the petition. They're not considering the merits of the petition. But does that mean that you would have to separately file the revised petition after the motion is granted? I don't know, Your Honor. That's a very good question. I couldn't think of any possible question, and that's a very good one. Are you filing electronically or paper? These were filed electronically. I would think you'd probably have to separately file it because it wouldn't be filed as a separate… I've got the hard copy of the paper right here. So when you file electronically the motion for leave and attach to it your amended petition to count, right? And you presumably have an account with the PTAB in which they could charge? Well, there's no charge. You had not authorized them to charge your account. No. I've been in law practice before the Patent Office for 28 years, Patent and Trademark Office. It was the Patent Office when I started. And I've never had a deposit account. I guess I've been flying without a net for 28 years. So what was your plan on how this was going to work? They were going to grant your motion, call you up on the phone and say we've granted your motion, and you would go down there with your check, $300, or electronically do something with an account? Was that the plan? Well, Your Honor, when I looked at the statute and the rules when I was contemplating filing the motion, I found nothing that told me that I was required to pay the fee when I filed the motion for leave to amend. And so I assumed that if they were to grant the motion, they would have granted me, as they did in AYUSH and in ARIES and in tribal, some time period, 15 or 30 days, within which to perfect the fee. May I reserve? We'll give you Anthony Rabella time. I mean, you answered yes to the theory of your case being that the TTAB doesn't have any authority under the statute to require this. Let me ask you, is that because they haven't promulgated a rule that's clear that says that? In other words, after this case, can they go and – if they really want to have a process in which they require the filing of the fee at the time of the motion in case they grant it, would that be something that you would view as permissible? In other words, the problem here was that they didn't have any rule and so they were kind of arbitrarily doing one thing in one case and one in the other. But if they had a rule, they would have the legal authority to issue such a rule. Well, the statutory basis for the charging of fees for petitions to cancel is 15 U.S.C. 1064. And that talks about filing petitions to cancel. It doesn't talk about filing motions to request permission to file on its own. Yes, but the CCPA in 1966 said that something that's tantamount to a petition to cancel under the statute would be treated as a petition to cancel, right? We know that. This is what happens when motions are leaved to amend your answer to file a counterclaim, seeking cancellation. It's not a petition to cancel, it's a counterclaim because it's treated as such. But, Your Honor, it's not tantamount to filing a petition to cancel if they deny the motion. But what I think Judge Prevost is asking is would the office have the authority to promulgate a regulation that said going forward from here on out, dealing with these motion for leave problems which come up from time to time where our law has been inconsistent in how we applied it, we'll have a new rule. And the new rule is saying we're going to treat a motion for leave to file an amendment to petition to cancel shall be treated like a petition to cancel. So you've got to put your money up when you file the motion for leave. Not that they can cash the check until they've granted the motion, but just that they require it. Oh, they will. So what's your answer? Do they have the authority to issue such a regulation to govern future cases like this? Well, all I want to say, Your Honor, is that I don't want to substitute my judgment for that of the court, but what I do want to say that such a rule, if they have the authority to do it, would certainly clear up a great confusion here when you look at Aries, when you look at Tribal, when you look at Ayush, and you look at my case. They seem to decide it differently every time. But when somebody's coming up to want to file a motion for leave to amend and looks at the statute and looks at all the rules of practice, even looks at the trademark court manual, finds nothing that says when you file a motion for leave to amend, you better file that fee or you're in trouble. But when you look at some of the cases, as I have conceded to the court I didn't do before I filed it, I relied upon the statute and the rules of practice, one can find three or four different answers. And maybe if I'd seen that, I might have thought of an abundance of caution to pay the fee. But still, there's nothing in the statute or a rule to say otherwise. And, of course, a future regulation can't be applied retroactively to your case. So you say, I win anyway, even if they can fix the problem next month by issuing a new regulation. That's right. Your view is that you're entitled to a ruling on your motion for leave to amend. We would like to have a ruling on the merits of the motion to leave. If they grant it, it's over. If they grant it, you pay the fee. And if this court rules that I have to pay a fee before they consider it, then we'd be happy to do that. But we feel like we have the right to at least have it considered on the merits. All right. Let's hear from Mr. Moskowitz and we'll give you back some rebuttal time. Thank you, Your Honor. It certainly is a nice thing to see two attorneys on opposing sides cooperating. I noticed that you handed your opponent a piece of paper that was germane to what he was saying. Sometimes we don't have such good cooperation between opposing counsels. It actually was in response to Judge Clevenger's request as to whether or not it had been filed online. Right. But it was helpful for you to offer a piece of paper to opposing counsel. We don't usually see such nice cooperation between opposing lawyers. I thought it would be helpful for him to be factually correct. Well, that helps the court a lot. All right. Now, what's your response to what he's told? My response is quite simple. Basically, the board didn't have any discretion to- Well, show us the clear rule. The clear rule is- Where's the clear rule in effect that says that he had to accompany the filing of the motion with a $300 fee? There is no rule that relates to the motion. I would say that it's clear based upon Section 1064 of the statute, which says that the amended or a petition for cancellation must be filed with the fee. But he didn't file a petition for cancellation. Nothing was filed other than the motion. He filed an amended petition for cancellation. He filed an amended petition for cancellation. He says he just filed a motion. He filed a motion. They had to act on the motion. He filed a motion. Right. They accepted his motion for leave, correct? No. It was filed. The motion was filed. It was not rejected. Correct. It was not rejected. So it was accepted. Yes, sir. Right. But it was never adjudicated. They refused to decide the question that the motion asked. May I have permission to file late? Yes or no. They refused to answer because it said, hey, no check. Correct. If they were going to do what they did, they should have dismissed from wanting jurisdiction. You don't deny when you have no jurisdiction. You dismiss from wanting jurisdiction, which leaves someone free to cure the problem. Why wasn't he entitled to his motion either being denied on the merits if it's without merit, or granted, as opposed to they're saying we refuse to decide it one way or the other because you didn't accompany it with a check when there's no regulation saying motions, as distinct from petitions, also have to be accompanied by a check. Right? There's no such regulation saying motions, like petitions, must be accompanied by a check. But you're asking us to read the reg as if it did say that. Correct. We don't normally make up new law. We apply the law that is on the books at the time of the events in the case. If there's any ambiguity, why isn't he free to argue that since there's inconsistent precedent, maybe this would be another case. Your position is not, is it, that every time the TTAB has been confronted with this issue, they have acted in precisely the same way, i.e., always dismissed motions or denied motions, when the filing fee isn't accompanying the motion. I would respond to that, Your Honor, based upon the cases that we cited in our brief. And I would also say that the cases that were cited in the reply brief were not precedential cases, and they were interlocutory decisions of the Board and would not be binding upon this Court. Let me ask you a question having to do with deference. Normally, I suppose, when we're interpreting a statute passed by Congress or a regulation enacted by an agency that has the force and effect of law, just like a statute, we normally say, as a Court of Appeals, we get to interpret the words of the statute or the regulation. But there's also a line of cases, a whole body of law, that says where the regulation is issued by the agency to kind of govern its own procedures, that in that type of regulation will often defer substantially to the agency's own interpretation of its own regulations. Now, why shouldn't that apply here? Obviously, the trademark Board thought they were reasonably interpreting and applying their own regulations. So why aren't you arguing, look, you have to defer to their interpretation of the regs they wrote? Who would better know than the author what they were trying to do? But I don't understand you to be making that argument. I'm not sure why not. If I understand your question, I would agree with you that that should be appropriate. Or it should defer to the Board. Well, let me challenge them on this argument. I just walked myself into a trap. We didn't conspire beforehand on this. But if that's the case, it seems to me that that principle only applies when there's a consistent application of that principle. Yes. I mean, if the TTB uniformly, there was no dispute that every time they're confronted with this, they act the same way, then it becomes a practice to which I wouldn't disagree that deference is required. The problem I have in this case is that there, I mean, the cases in the Grave Reef or whatever indicate that there's some inconsistency. And in the absence of a consistent practice, I don't see how deference applies. Right? My answer to that question, Your Honor, has to be the same as I mentioned a moment ago, which is that those cases are not precedential. Well, let me hold you on that. So an agency can act arbitrarily and capriciously so long as it does it under the cover of night with a non-precedential order? No. I wouldn't say that. I would say that these decisions— Then I think you need a different answer to Judge Craig. Then I would say that the decisions that are being relied upon, these non-precedential decisions, which are just— They bound the party in the case. What Mr. Spiegel is saying is why can't he have a non-precedential opinion like they got in tribal sports where Iowa Sheriff Dollar Tree scored? He'd like to have one of those. And aren't they acting arbitrarily when they hand out freebies to some people but not to other people? I don't know whether they're acting arbitrarily, Your Honor. I can't speak to that. But I would say that they're wrong based upon the precedent that we cited in our briefs. Let me ask you a practical question. I pestered Mr. Spiegel by saying, you know, why didn't you just tender the check? Why are we having this long, expensive appeal and all these technical, complicated arguments? Solve the problem. Send the check. Let me ask you a similar question. As I understand it, in some cases in the past where a party was late in filing a petition or an amended petition and they filed a motion asking for the leave as they're required to do, the other party agreed and said, fine. We don't have any problem. Okay, you were six days late, but it doesn't hurt us. Let's get to the merits. So why didn't you solve the problem by consenting to his motion? Let him file a little bit late. First of all, he never asked me. Secondly, it wasn't in my client's interest to consent. Well, as I've read all the papers that have been filed in the fight between you all, your adversary wants to keep the 32 proceeding alive because of a theory that he has as to 32, and he believes it bleeds over into other classes. And you would love to see that case closed shut forever. And if he can ever get back into a court someplace on the other four classes or any other ones, you're going to oppose him, as you already are doing now, right? So your interest is to see this case closed forever. Yes, sir. His interest is, which is understandable, and his interest is to see the case alive. But I would answer the question that was just posed, and it was posed to Mr. Spiegel before, which is he could have asked the board for reconsideration, number one. He could have gone to the commissioner and filed a petition to reconsider the board's decision. That's even slower than an appeal. Is that a prerequisite to coming for an appeal? No, no, no. He could have done either by submitting a fee. But you don't disagree. As was said, as Michelle asked, why didn't you just submit the fee the next day? Well, that's a little different. I mean, it's not like they left him an opening to do it. Then it would have been contingent upon them re-evaluating what they had done. But you're not disputing Mr. Spiegel's point that he couldn't really just automatically turn around to the TTAB the day he got this decision and tender the fee. That wouldn't have worked. They had denied his motion, right? I think that's correct. Personally, I would have submitted the fee with my motion. What happens in the practice in this motion for leave situation where you have a person like Mr. Spiegel who likes to file electronically, but he doesn't have a deposit account? Well, I can understand what happens when you have a deposit account. You have a motion for leave electronically. The board grants it. If they grant it, boom, they take the money right away. Simple as that. But how does he operate? Sorry. Very simple answer. Use a charge card. You can file online using a credit card. Yeah, but he prefers, he's old-fashioned. He prefers to write a check, so he's not required. The rules don't require you, if you're filing electronically, to have a deposit account. No, but the rules say that if you file via ESTA, unless you file with the fee, the petition will be denied. Well, that's a petition to cancel. It seems to me that there's a body of law here that deals with motions for leave, whether it's to amend the actual petition to cancel or whether it's to amend an answer to put in a counterclaim to cancel. So there's a whole body of this law, and there's no regulation that deals with it. The regulations that deal with the petition to cancel are so pristinely perfect, right? Pretty clear, I think. But they don't fit this other animal. I would suggest that the appropriate procedure here would have been to have filed a motion for leave to amend with a proposed amended petition for cancellation with the required filing fees for the four classes sought to be canceled. To have either submitted that with a check, and the trademark office could have cashed the check. There's a refund procedure that if the motion were denied, the money could have been refunded. He could have paid with a deposit account, which he doesn't have. Well, it would be refunded if it was paid by mistake. That wouldn't go, right? No, no. I'm sorry. What are the grounds for the refund? If the trademark office does not take the requested action, there's a basis for refund. No, the director may refund any fee paid by mistake or in excess of that required. And so if the TTAB is taking the position that the fee is required when you file the motion for leave, right, then it's not in excess of what's required. There are only two grounds on which the director can refund under the recs, paid by mistake or in excess of that required. If one could argue, I would think that if you submitted the fee on the premise that it was required in order for the petition to be granted and the petition was denied. But the board takes the position that the fee is required in order to file the petition for leave. But if I submitted the fee on the premise that the fee was required to support the motion and the petition, and the motion was denied, then that was an error. In other words, it wasn't required. It wasn't paid by mistake? Mistake in the sense that I thought it was required, but the board said, no, it's not required because you're not entitled to file the petition. It would have been my mistake that it was required, and it wasn't. Anything further? Well, just to rely upon all of the, you've already said that the sections of the rules are pristine, I believe you said. We would take the position that up until these non-presidential cases that there were many cases that did support the proposition that where you filed a motion to amend, or even if you didn't file a technical motion to amend, with a petition. Did you do a search to see how many more of these so-called non-presidential opinions there are out there? I did not. These were cited in a felon's reply brief. Okay, thank you very much. Mr. Spiegel, three minutes. Thank you, Your Honor. I want to start by answering an inference that Judge Clevenger mentioned in his question of Mr. Moskowitz, and that was this concept of wanting to keep this case going for some important reason. And if the court were to look at paper number 16 from the cancellation proceeding, which was filed September 19, 2008, plaintiff's reply in support of amended pleading, that was something we filed. On the very last page, there was an email from Mr. Moskowitz to me in which we were discussing certain aspects of this case, and what he said concerning this cancellation proceeding is, quote, In short, FBI, my client, may win the battle of this cancellation proceeding, but we believe that Fred's, his client, will win the war in opposing FBI's pending applications. And sure enough, on December 16, 2009, after this case was dismissed on the basis of that decision that they made, Mr. Moskowitz's client actually did file a petition, or a notice of opposition, against our two applications when they were published for opposition. That was on December 16, 2009, opposition number 9-119-3052. And so we believe that's one of the reasons why we want to continue to adjudicate this, because if Your Honors, I'm sure, have seen what our proposed amended petition to counsel was, it included serious allegations of fraud, and concerning the four new classes we proposed to add, we only had evidence of abandonment to that point, but wanted to adjudicate those issues because we have not seen any case where a trademark registration was canceled on the basis of only fraud proven in one class. But I take it that, in the end, it really doesn't matter what your motive is, or what his motives are, or what the interests of the clients are. Your case here, as I understand it, is that the Board had no authority to reject your papers because they weren't accompanied with a check, because there's nowhere in the regulation that says these kind of papers have to be accompanied by a check. End of case. I agree with you, Your Honor. I just wanted to address what I thought Judge Clemenger was thinking, and I wanted to make sure that you all were aware that this new filing had occurred, in case it has any bearing on the Court's thinking. I just had one other point I wanted to make. Could the remedy here as an alternative? I mean, you're asking us to say they didn't have the authority, they have to accept it. Is it an alternative for us to kind of resolve this case by saying that they improperly denied, rather than dismissed it? I mean, that's part of the reason we've got to be here, right? Because you say you can't fix this up. You can't file this motion tomorrow, again, with the fee accompanied. Or is it because you say the case is already gone? I don't think it would be fair to suggest that this Court ought to adjudicate the motion for leave to amend on the merits, because that's not what's before this Court. But what if we were to say, just stop at the point where we're saying the Board should at least have dismissed this without prejudice to give you an opportunity to come in tomorrow and file the exact same motion accompanied by the $300? Is that feasible, or has the action already been taken on the underlying case so that you can't fix this without our going further? No, I think that would be acceptable, but I do want to correct one little minor point, and that is— Do you really mean to say acceptable? I mean, the point is that you don't feel like you should be obligated to pony up the $1,200. I feel like, should they grant the motion, we should have had the obligation. And the point I wanted to correct was, it was actually $1,200 because we were seeking to amend to add four classes times $300. I just want to make sure that you're aware of that. But let me just be clear, just on the answer line. If the Board somehow magically—if magically the dismissal turns into a denial without prejudice, you would be in the same position, right? I mean, you would be able now to file a motion tomorrow, the same exact motion, with the $1,200. Well, I think so, so long as this Court also vacated the dismissal of the entire matter, because that's what happened when— Well, that was my question. So that would be problematic to do that because something else would have to go on as well because the entire matter was already— The entire matter was terminated by their decision. So the remedy that I've asked the Court to give me on behalf of my clients is to vacate the denial of the motion on that ground and to reinstitute that cancellation proceeding for the purpose of allowing me to pay that fee on behalf of my clients, presuming the Board approves the motion, grants the motion. So in short, you want us to reverse everything the Board did, shutting down the merits case and refusing to adjudicate your motion. I'm not concerned about reversing the concept of the voluntary cancellation in Class 32. What I'm concerned about is being able to litigate in this cancellation proceeding the four additional classes we proposed to add in our motion for leave to amend. Your view is that if your motion for leave to amend to add four new classes is granted, the fact that 32 is gone doesn't move the case? Exactly. Meaning you file a piece of paper that says all of that? Exactly. And I just want to be clear, if all we were to do is say, hey, all we're going to do is write a little opinion that says the Board messed up when it used the word denied, it should have said dismissed, then that's not what you're asking for? That's not enough. No, I'm asking for the ability to have that motion adjudicated on the merits and if they approve that motion to pay the $1,200 and litigate those four classes. There's one other thing I want to make sure the Court understands, and that is concerning the notice of opposition that was filed on behalf of the appellees that's not part of this appeal. I want to make sure the Court understands that they didn't plead this registration. They pleaded a number of other registrations, but I still believe that this is relevant for important reasons. All right. We thank you both. The appeal is submitted. Thank you very much, Your Honor. Thank you. All rise. The Honorable Court is adjourned from day to day.